```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF MINNESOTA
               CIVIL NO. 24-4171 (DSD/DTS)
```

Adrian Johnson,

        Plaintiff,

v.                                                **ORDER**

Frontier Living LLC; State of
Minnesota Department of Human
Services; Lakehaus Apartments
LLC, doing business as
Lakehaus Apartments; Greystar
Management Services, L.P.; and
John Does 1-5, unknown
employees of the State of
Minnesota Department of Human
Services - sued in their
individual capacities,

        Defendants.

    Plaintiff Adrian Johnson has applied for in forma pauperis (IFP) status in this proceeding. <u>See</u> ECF No. 2. The court has reviewed Johnson's IFP application and concludes that she qualifies for IFP status. Accordingly, the IFP application will be granted.

    Johnson has also filed a motion for a temporary restraining order (TRO). <u>See</u> ECF No. 3. In her motion, however, Johnson does not specify what relief, precisely, she is seeking. Under Rule 65(d) of the Federal Rules of Civil Procedure, any restraining order or order granting an injunction must "state its terms

specifically" and must "describe in reasonable detail—and not by referring to the complaint or other document—the act or acts restrained or required." Because Johnson has not specified the preliminary relief that she is seeking, the Court could not enter an order that complied with Rule 65(d) even if Johnson were otherwise entitled to injunctive relief (which is far from clear). Accordingly, the motion for a TRO will be denied without prejudice.

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1.  The application to proceed in forma pauperis [ECF No. 2] is granted;

2.  Johnson must submit a properly completed Marshal Service Form (Form USM-285) for each defendant. If Johnson does not complete and return the Marshal Service Forms within 30 days of this order, it will be recommended that this matter be dismissed without prejudice for failure to prosecute. Marshal Service Forms will be provided to Johnson by the court;

3.  After the return of the completed Marshal Service Forms, the Clerk of Court is directed to seek waiver of service from defendants Frontier Living LLC, Lakehaus Apartments LLC, and Greystar Management Services, L.P., consistent with Rule 4(d) of the Federal Rules of Civil Procedure;

4.  If a defendant fails without good cause to sign and return a waiver within 30 days of the date that the waiver is

mailed, the Court will impose upon that defendant the expenses later incurred in effecting service of process. Absent a showing of good cause, reimbursement of the costs of service is mandatory and will be imposed in all cases in which a defendant does not sign and return a waiver of service form. See Fed. R. Civ. P. 4(d)(2);

5. The U.S. Marshals Service is directed to effect service of process on defendant State of Minnesota Department of Human Services consistent with Rule 4(j) of the Federal Rules of Civil Procedure; and

6. Johnson's motion for a temporary restraining order [ECF No. 3] is denied without prejudice.

Dated: November 15, 2024

s/David S. Doty
David S. Doty, Judge
United States District Court